UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| VS. § | CRIMINAL ACTION NO. 2:20-CR-987-2 |
| § | |
| ARIANNA COTTON § | |
| § | |
| Defendant. § | |

### MEMORANDUM OPINION AND ORDER DENYING MOTION TO REINSTATE BOND AND ORDER OF DETENTION PENDING TRIAL

Pending before the Court is Defendant Cotton's motion for bond reinstatement. (D.E. 66). A show cause hearing was held today in accordance with the Bail Reform Act, 18 U.S.C. § 3142(f) and 18 U.S.C. § 3148. Defendant was previously granted a bond after a detention hearing was held on September 22, 2020. A petition for action on pretrial release was filed on August 11, 2021 with the Court alleging that Defendant violated condition (1) of her bond conditions ordering that defendant must not violate Federal, State, or local law while on release. The specific allegation facts are included in the petition. (D.E. 58). At the hearing today, the government proffered the testimony of Drug Enforcement Administration Special Agent Kenneth Koch. Defendant pled true to the allegation. Defendant's motion (D.E. 66) is **DENIED**.

The following requires detention of the defendant pending trial in this case:

(1) There is probable cause to believe that Defendant has committed a Federal, State, or local law while on release;

(2) There is clear and convincing evidence that the Defendant has violated the condition of release; and

(3) Based on the factors in section 3142(g) of Title 18, there is no condition or combination of conditions of release that will assure that the Defendant will not flee or pose a danger to the safety of any other person or the community; and

(4) Defendant is unlikely to abide by any condition or combination of conditions of release.

The evidence against the defendant meets the probable cause standard. The defendant has been convicted of this offense and is awaiting sentencing and the conduct alleged in the instant petition reveals new drug-trafficking activity by Defendant. She is a poor candidate for bond.

The defendant is committed to the custody of the United States Marshal or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

ORDERED on October 19, 2021.

_____
Julie K. Hampton
United States Magistrate Judge